UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:  1:11-Civ-20414-COOKE/TURNOFF

ERIKSON HARRISON,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., d/b/a NCL

    Defendant.
_____/

**OMNIBUS ORDER DENYING DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND GRANTING PLAINTIFF'S MOTION FOR REMAND**

THIS CASE is before me on Defendant's Motion to Dismiss and to Compel Arbitration (ECF No. 3) and Plaintiff's Motion to Remand (ECF No. 5).  I have reviewed the arguments, the record, and the relevant legal authorities.  For the reasons provided, the Defendant's Motion is denied, and the Plaintiff's Motion to Remand is granted.

**I. BACKGROUND**

Plaintiff, Erikson Harrison, filed this action alleging that he sustained injuries while working aboard Defendant NCL's ship, Norwegian Majesty.  On February 7, 2011, NCL removed this case from state court pursuant to 28 U.S.C. § 1441(b), which permits removal of any civil action founded on a claim or right arising under federal laws, and 9 U.S.C. § 205, *et seq*. (ECF No. 1).  NCL now moves to compel arbitration pursuant to the Employment Agreement Plaintiff signed, which incorporates the Collective Bargaining Agreement for Catering Personnel ("CBA").

Paragraph 12 of the Employment Agreement states in relevant part:

> Seaman agrees . . . that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company, including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Arbitral Awards (New York 1958) ("The Convention") . . . The place of the arbitration shall be the Seaman's country of citizenship, unless arbitration is unavailable under the Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel.

Article 8 of the CBA contains a similar arbitration clause, which provides that "[a]rbitration between a Seafarer and NCL shall take place at the Seafarer's country of citizenship, unless arbitration is unavailable under the Convention in that country, in which case and only in that case, said arbitration shall take place in Nassau, Bahamas." CBA, Art. 8.7.c. Neither the CBA nor the Employment Agreement contain a severability provision.

## II. LEGAL STANDARDS

A court conducts a very limited inquiry in deciding a motion to compel arbitration under the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citations omitted). A district court must order arbitration if the four jurisdictional prerequisites are met. *Id. at* 1294-95. The four jurisdictional prerequisites are (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial, and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Id.* at 1294 n 7.

Even if these prerequisites are met, removal is improper if affirmative defenses such as "fraud, mistake, duress, and waiver" render the arbitration agreement "null and void." *Id.* at 1301; Convention, art. II(3). Removal statutes are construed narrowly." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). "Federal courts are courts or limited jurisdiction" and any "uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001).

### III. ANALYSIS

**A. The Arbitration Provision is Null and Void**

As an initial matter, I note that Plaintiff does not dispute that the arbitration agreement meets all four *Bautista* jurisdictional prerequisites. Plaintiff signed the Employment Agreement, which obligates him to arbitrate. The Employment Agreement requires that the arbitration take place in the Seaman's country of citizenship, or, if arbitration is unavailable under the Convention in that country, in Nassau, Bahamas. Mr. Harrison is a citizen of Jamaica. Def.'s Response to Pl.'s Mot. to Remand 1. Jamaica has signed the Convention, with certain reservations; the Bahamas is a signatory of the Convention without reservations. The Employment Agreement therefore provides for arbitration in the territory of a signatory of the Convention. The arbitration agreement meets the third *Bautista* prong because Mr. Harrison was, during all material times, an employee of NCL. *Bautista*, 396 F.3d at 1300 (holding that employment contracts are commercial legal relationships under the Convention). Finally, Plaintiff satisfies the fourth *Bautista* prong because he is a citizen of Jamaica.

Even if the agreement meets the jurisdictional prerequisites, a court must further inquire into whether any affirmative defenses in the Convention apply. *Id.* at 1301-02 ("[T]he Convention requires that courts enforce an agreement to arbitrate unless the agreement is 'null

and void, inoperative or incapable or being performed.'" ) (quoting Convention, art II(3)). "Article V of the Convention provides specific affirmative defenses to a suit that seeks a court to compel arbitration," including when the enforcement of the award would be contrary to the public policy of the United States. *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1120 (11th Cir. 2009). An arbitration clause is null and void as a matter of public policy when it deprives the plaintiff of a U.S. statutory right. *Id.* at 122-23. In contrast, "arbitration clauses should be upheld if it is evident that either U.S. law will be applied or if there is a possibility that it might apply *and* there will be later review." *Id.* at 1123 (emphasis in original).

Here, the choice-of-law provision specifies Bahamian law will apply.[1] The choice-of-forum provision specifies that arbitration shall take place in Jamaica, or if arbitration is unavailable under the Convention in that country, then in Nassau, Bahamas. The two provisions operate in tandem to impermissibly limit Plaintiff's U.S. statutory remedies. *See Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1279-80 (S.D. Fla. 2010). The choice-of-law clause is therefore void as a matter of public policy.

"Courts faced with arbitration agreements prescribing statutorily available remedies have either severed the illegal provision and ordered arbitration, or held the entire agreement unenforceable." *Krstic*, 706 F. Supp. 2d at 1280 (quoting *Perez v. Globe Airport Sec. Servs., Inc.*, 253 F.3d 1282, 1286 (11th Cir. 2001)) (internal quotations omitted); *see also Meneses v. Carnival Corp.*, 731 F. Supp. 2d 1332, 1336 (S.D. Fla. 2010) ("Where an arbitration agreement contains a severability provision, a court may choose to excise any invalid provision of the

---

[1] Defendant notes that it has agreed to stipulate to the application of U.S. law in arbitration. *See* ECF No. 14. However, Defendant's offer of stipulation does not resolve this matter because a stipulation requires the consent of counsel for both parties. *See Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1279 (S.D. Fla. 2010) (finding choice-of law clause void as a matter of public policy despite Defendant's offer to stipulate to applicability of U.S. law); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1226 (S.D. Fla. 2010) (same).

underlying contract."). Here, there is no severability provision, and, therefore, I have no basis to sever the choice-of law provision from the remainder of the arbitration provision. I thus find that the entire arbitration provision is unenforceable.

### B. Remand is Proper

Plaintiff's Complaint alleges a violation of the Jones Act. Defendant removed this case pursuant to 28 U.S.C. § 1441(b), which permits removal of any civil action founded on a claim or right arising under federal laws, and 9 U.S.C. § 205. Section 205 permits removal "[w]here the subject matter of an action or proceeding pending in State court related to an arbitration agreement or award failing under the Convention." Having found that the arbitration provision at issue here is null and void as against public policy, I must remand this case. *See* 9 U.S.C. § 205; s*ee Lewis v. Lewis & Clark Marina Inc.*, 531 U.S. 438, 455 (2001) ("[I]n this case respondent raised a Jones Act claim, which is not subject to removal to federal court even in the event of diversity of the parties."); *see also Sivanandi v. NCL (Bahamas) Ltd*., No. 10-20296-UU, 2010 WL 1875685, at *3 (S.D. Fla. Apr. 15, 2010) (holding arbitration provision unenforceable and remanding to state court).

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendant's Motion to Dismiss and Compel Arbitration (ECF NO. 3) is **DENIED**.

2. Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk is directed to *administratively* **CLOSE** this case.

4. All pending motions, if any, are **DENIED** *as moot.*

**DONE AND ORDERED** in chambers at Miami, Florida, this 27th day of April, 2011.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*